Request of Governor and Council,
No. 4599.

OPINION OF THE JUSTICES.

Submitted June 19, 1957.

Answer returned June 28, 1957.

The following answer was returned:

*To His Excellency the Governor and the Honorable Council:*

The undersigned Justices of the Supreme Court submit the following answer to the question contained in your resolution filed June 14, 1957, asking whether Article 49th, Part Second of the Constitution was amended by the voters in answer to Question No. 3 on the ballot at the November 6, 1956, election as proclaimed by the Governor on November 23, 1956.

Question No. 3 as framed by the Constitutional Convention (1956 Jour. Con. Conv. 222) and submitted to the voters on November 6, 1956, read as follows: "Are you in favor of permitting the Governor, while absent from the state on official business, to have the power and authority to transact such business?" The vote thereon 127,680 in favor and 37,576 in opposition constituted the necessary approval "by two thirds of the qualified voters present and voting on the subject." Const., Pt. II, *Art.* 99th. After a canvass of the returns the Governor issued his proclamation announcing the result which in accordance with a resolution adopted by the Constitutional Convention fixed the date when it took effect. Jour. Conv., June 13, 1956, *p.* 19.

Question No. 2 submitted to the voters at the same time was intended to amend the Constitution by abolishing the right to trial by jury in certain civil causes where the amount in controversy did not exceed $500 instead of $100 as it existed. It was worded "Are you in favor of preserving the right of trial by jury in civil causes in which the value in controversy exceeds five hundred dollars?" We decided (May 23, 1957) in *Concrete Co.* v. *Rheaume Builders,* 101 N. H. 59, 60, that "giving the words in the question submitted to the voters the meaning they must be presumed to have had to the electorate . . . when the vote was cast . . . we believe it plain that they balloted merely to keep the right to a jury trial in all civil causes where the value in controversy exceeds $500, but did not vote to abolish the privilege of jury trial where the value in controversy exceeds $100 but is less than $500."

Unlike the wording of Question No. 2 the language used in Question No. 3 is such that it can have but one meaning that of granting the Governor power and authority while absent from the state on official business to transact such business. There is no doubt that its wording gave "the ordinary person a clear idea of

what he is voting for or against." *Concrete Co.* v. *Rheaume Builders, supra,* 61. Nor is there room for doubt as to "the effect and meaning of the language" which the voters "finally ratified and adopted." *Pollard* v. *Gregg,* 77 N. H. 190, 194.

If there were a need to add to the clear meaning of Question No. 3 there was presented in the *Rheaume* case evidence of a "Voters' Guide" prepared under the authority and direction of the Convention containing explanations of the meaning of the constitutional amendments proposed as well as of the wide circulation these pamphlets received.

"Every reasonable presumption both of law and fact is to be indulged in favor of the validity of an amendment to the Constitution when it is attacked after its ratification by the people," (*Keenan* v. *Price,* 68 Idaho 423) and its unconstitutionality should not be declared except upon "inescapable grounds." See *Chronicle &c. Pub. Co.* v. *Attorney General,* 94 N. H. 148, 151.

We are of the opinion that the amendment to the Constitution proposed by said Question No. 3 was clearly presented to the electorate on November 6, 1956. We see no reason to believe that the voters who cast the required two-thirds vote gave the question a meaning other than that intended by its clear language. It is our opinion that Article 49th, Part Second, of the Constitution was duly amended and the answer to your question is in the affirmative.

FRANK R. KENISON,
LAURENCE I. DUNCAN,
AMOS N. BLANDIN, JR.,
EDWARD J. LAMPRON,
STEPHEN M. WHEELER.

June 28, 1957.